IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORA ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-5267 |
| TRAVELERS INDEMNITY COMPANY | : | |
| OF AMERICA | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                                February 29, 2012

This is a declaratory judgment action.[1] The parties agree as to the facts and the sole issue to be determined is whether the Underinsured Waiver executed by defendant's insured constituted a valid waiver of underinsured motorist benefits under 75 Pa.C.S.A. §§ 1731(c) and 1731(c.1). The parties filed a Joint Stipulation of Facts (docket no. 10) and cross-motions for summary judgment (docket nos. 11 and 12). Plaintiff's motion will be granted and defendant's motion denied.

The undisputed material facts are as follows. On or about December 29, 2008, Tri-

---

[1] The action arises from a denial of underinsured motorist benefits. On July 20, 2009, plaintiff Nora Robinson was involved in a multi-vehicle accident while in the course and scope of her employment with Tri County Transit Services, Inc., and while driving a vehicle owned by Tri County. The vehicle was listed as a covered vehicle under a commercial automobile insurance policy issued by defendant Travelers Indemnity Company of America. On or about May 6, 2010, plaintiff submitted a claim for underinsured motorists coverage under the Travelers policy. On that same day, Travelers notified plaintiff that Tri County rejected underinsured motorists coverage. Joint Stipulation of Facts, docket no. 10, ¶¶ 8-11.

On July 12, 2011, plaintiff commenced this action in the Philadelphia Court of Common Pleas. On August 31, 2011, defendant removed the action to this court. Plaintiff's complaint alleges that Tri County's rejection of underinsured motorists coverage is void because the waiver form does not precisely comply with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law. Complaint, ¶ 14, Exhibit A to Notice of Removal (docket no. 1).

County Transit Services, Inc. applied for automobile insurance through its broker TRX Insurance Services.  In conjunction with the application for insurance, Tri County's representative executed the form entitled "Rejection of Underinsured Motorists Protection." The waiver provided as follows:

> REJECTION OF UNDERINSURED MOTORISTS PROTECTION
>
> By signing this waiver I am rejecting Underinsured Motorists Coverage under this policy, for myself and all relatives residing in my household. Underinsured Motorists Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages.  I knowingly and voluntarily reject this coverage.

Thereafter, Travelers issued Commercial Automobile Insurance Policy Number BA-3126C682-08-CA, effective December 31, 2008 to December 31, 2009 to Tri County.  Joint Stipulation of Facts, ¶¶ 1-3, and Exhibits A (Supplementary Commercial Automobile Application); B (Underinsured Waiver) and C (Travelers Policy). On May 6, 2010, Travelers rejected a claim for underinsured benefits submitted by plaintiff, a Tri County employee, on the ground that Tri County had waived underinsured benefits.  Plaintiff contends that the waiver is void because it does not comply exactly with the requirements of 75 Pa.C.S.A. § 1731(c) and 1731(c.1).

Pennsylvania's MVFRL requires insurers to offer UIM coverage.  75 Pa.C.S.A. § 1731(a).  The coverage can be rejected by the insured, so long as the rejection satisfies the strict requirements of the statute:

> The named insured shall be informed that he may reject underinsured motorists coverage by signing the following written rejection form:
>
> REJECTION OF UNDERINSURED MOTORISTS PROTECTION
>
> By signing this waiver I am rejecting underinsured motorists coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

75 Pa.C.S.A. § 1731(c). Moreover, with respect to the form of waiver, § 1731(c.1) requires:

> Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits.

Here, Travelers' form adds the word "motorists" to the phrase "underinsured coverage" in its second sentence, and reads: "Underinsured Motorists Coverage protects me and relatives . . ." as opposed to "Underinsured coverage protects me and relatives . . . ." <u>Compare</u> Exhibit B, Joint Stipulation of Facts with 75 Pa.C.S.A. § 1731(c).

The sole contested issue is whether the addition of the single word "Motorists" renders the waiver invalid.[2] Under <u>Jones v. Unitrin Auto and Home Ins. Co.</u>, 2012 PA Super. 24 (Pa. Super. Docket No. 397 WDA 2011, filed Feb.4, 2012), recently decided by the

---

[2] Travelers' form states "Underinsured Motorists Coverage." The statute refers to "underinsured coverage."

Pennsylvania Superior Court, it would follow that it does.[3]

In <u>Jones</u>, Unitrin denied a claim for underinsured benefits on the ground that its insured had executed a valid waiver. The waiver included the precise language required by §1731(c), together with an additional sentence following the §1731(c) waiver language: "By rejecting this coverage, I am also signing the waiver on P. 13 rejecting stacked limits of underinsured motorist coverage." <u>Jones</u>, at 6. The trial court held "[t]he additional sentence provided by Unitrin also pertains to UIM information . . . the UIM rejection here specifically complied with §1731(c.1) and is not void due to the inclusion of the additional sentence." <u>Id.</u>, at 9, quoting Trial Court Opinion at 12.

Reversing, the Superior Court found that the additional sentence violated § 1731(c.1)'s requirement as to the relationship between the prescribed language and the insured's signature. In so doing, it disagreed with Unitrin's argument that the additional sentence was merely clarifying language intended to assist the reader. "The legislature, due to the importance of the rights at stake, directed that insurers specifically comply with section 1731. This directive obviated the need for reviewing courts to engage in a substantial compliance analysis otherwise applicable to other sections of the MVFRL." <u>Jones</u>, at 10 (citations omitted). Permitting trial courts to engage in such an analysis of waivers "would

---

[3] Prior to <u>Jones</u>, the Superior Court had explicitly avoided ruling on the issue: "[W]e offer no opinion as to whether the addition of clarifying language to a 1731 (b) or (c) form would be considered in specific compliance with section 1731 (c.1)." <u>American International Ins. Co. v. Vaxmonsky</u>, 916 A.2d 1106, 1109 (Pa. Super. 2006) (finding that the omission of a single word "made the form more ambiguous, however slightly, by restricting the scope of coverage" and thus voided the waiver).

thwart the legislative intent and the plain import of its requirements of specific compliance with section 1731." Id., at 11.

The holding in Jones is clear: "In conclusion, we hold that additions to the prescribed language, and deviation from the proximal relationship of the components, of the UIM rejection form required by 75 Pa.C.S.A. § 1731 fail to specifically comply with the statute and is consequently void." Jones, 12-13. Under Jones, the Travelers underinsured waiver form is void, and judgment must be granted in favor of plaintiff.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.